UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD MAIKE**, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> **FEDERAL BUREAU OF PRISONS**, § <br> § <br> Defendant. § | Civil Action No. 25-2677 <br><br> Hon. |

## COMPLAINT

Comes now Plaintiff, Richard Maike ("Mr. Maike"), by and through his undersigned counsel, and files this Complaint, and in support thereof states as follows:

**I.   Preliminary Statement**

1. In this action brought under the Administrative Procedures Act, the Privacy Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution, Mr. Maike seeks relief against the Federal Bureau of Prisons ("BOP"), for its intentional and willful refusal to correct a material error in its records that pertain to Mr. Maike. BOP has relied on that error to deny Mr. Maike eligibility for programming that, if completed, would reduce Mr. Maike's custodial sentence by up to twelve months. Mr. Maike seeks all remedies available at law.

**II.   Parties**

2. Mr. Maike is an adult American citizen who is currently in the custody of BOP.

3. BOP is an agency of the United States Department of Justice.

**III.   Jurisdiction and Venue**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over BOP because BOP is a federal agency with its Central Office in the District of Columbia.

1

6. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to this suit—namely, the denial of relief by the BOP Central Office—occurred within this district. Venue is proper as to the Privacy Act claim specifically under 5 U.S.C. § 552a(g)(5), which permits venue to lie in this District for all Privacy Act claims.

### IV. Statement of Facts

7. Mr. Maike is currently in BOP custody at the FCI Marion, a Federal Correctional Institution in Marion, Illinois.

8. As of today, the BOP website lists Mr. Maike's release date as March 15, 2030.

*BOP's Residential Drug Abuse Program*

9. BOP offers a Residential Drug Abuse Program ("RDAP"), which is a nine- to twelve-month program of individual and group therapy for federal inmates with alcohol or other substance-abuse problems.

10. Congress authorized the RDAP program in 18 U.S.C. § 3621 and ordered that BOP "shall" make such programming available "for all eligible prisoners."

11. An "eligible" prisoner, under 18 U.S.C. § 3621(e)(5), is one who is willing to participate in RDAP and who is "determined by the Bureau of Prisons to have a substance abuse problem."

12. On information and belief, and as discovery will make clear, BOP routinely deems an inmate eligible for RDAP when the inmate's presentence investigation report ("PSR") reveals that the inmate has, at any time in the past, had a substance-abuse problem or has had a prior arrest for a crime related to alcohol or drug abuse, such as for driving while intoxicated.

13. A federal inmate who successfully completes the RDAP program and who has not been convicted of a disqualifying offense earns a sentence reduction of up to one year.

***BOP Erroneously Deems Mr. Maike Ineligible for RDAP***

14. Mr. Maike is willing to participate in RDAP, he has not been convicted of a disqualifying offense, and he has a longstanding and continuing alcohol-abuse problem evidenced by (1) an arrest for driving while intoxicated and (2) the lack of any treatment at that time or thereafter.

15. Mr. Maike's arrest for driving while intoxicated was and at all relevant times has been documented in Paragraph 102 of his PSR, which is in BOP's possession.

16. Mr. Maike sought a determination of his eligibility to participate in RDAP.

17. On April 25, 2024, staff at FCI Marion informed Mr. Maike that he did not qualify for RDAP because he lacked the requisite documentation of a potential substance-abuse problem. *See* Attachment A, Notice of RDAP Qualification.

18. The determination that Mr. Maike did not qualify for RDAP was erroneous, arbitrary, and unreasonable in light of Mr. Maike's documented arrest for driving while intoxicated, his lack of treatment thereafter, and BOP's practice of otherwise deeming inmates like Mr. Maike eligible for RDAP.

19. Mr. Maike then retained counsel to inquire into the matter. Counsel discovered that Paragraph 117 of Mr. Maike's PSR states, erroneously, "Mr. Maike reported ***no history*** of alcohol or drug abuse, and ***there is no information to suggest otherwise***." (Emphases added.)

20. The "no information to suggest" language in Paragraph 117 of the PSR is erroneous because Paragraph 102 of the very same report, which details the arrest for driving while intoxicated, suggests that Mr. Maike has *some* history, rather than *no* history, of alcohol abuse.

21. On November 18, 2024, Mr. Maike's attorney sent a letter to the Warden of FCI Marion asking that he strike out the erroneous language in Paragraph 117 of the PSR, to correct

3

Mr. Maike's records to reflect the arrest for driving while intoxicated, and to reevaluate Mr. Maike's eligibility for RDAP. The Warden did not respond.

22. On November 18, 2024, Mr. Maike's attorney sent a letter to Michael C. Wilson, the United States Probation Officer who had prepared the PSR, requesting that he issue an amended PSR that corrected Paragraph 117 to state that "Mr. Maike's history reflects an arrest for driving while intoxicated" or similar language, rather than stating that there is "no information" to suggest alcohol abuse.

23. On November 25, 2024, Mr. Wilson wrote back to state that he lacked the authority or discretion to amend the PSR. *See* Attachment B, Letter.

### Mr. Maike Completes the Administrative Remedy Process

24. On January 13, 2025, Mr. Maike filed a BP-8 (also known as an informal resolution), the first step in BOP's Administrative Remedy Program, which is governed by BOP Program Statement 1330.18. In the BP-8, Mr. Maike complained that, contrary to the Notice that informed him he did not qualify for RDAP, his PSR documented that he did qualify. Mr. Maike further requested a correction to the inconsistent statements in his PSR.

25. Mr. Maike received a response to the BP-8 stating, in relevant part, "The substance abuse section of your PSIR indicates, 'Mr. Maike reported no history of alcohol or drug abuse, ***and there is no information to suggest otherwise***.' As such, there is no substantiating documentation for a substance use diagnosis in your PSIR." Attachment C, Response to BP-8.

26. The response to the BP-8 thus relied on the erroneous "no information to suggest" language in Paragraph 117 of the PSR to affirm Mr. Maike's purported ineligibility for RDAP.

27. Mr. Maike then followed the remaining steps of the Administrative Remedy Program, filing and receiving responses to a BP-9 (to the Warden), a BP-10 (to the BOP Regional

4

Office), and a BP-11 (to the BOP Central Office). On June 3, 2025, BOP denied Mr. Maike's BP-11. The denial further advised Mr. Maike, for the first time, to prepare "a written challenge" to the information in his PSR, pursuant to BOP Program Statement 5800.17, and to "present" the challenge "to the appropriate staff, who will then forward it to the appropriate U.S. Probation Office (USPO). The Bureau of Prisons does not maintain the authority to modify your PSR or dictate operations to the USPO."

28. On June 30, 2025, acting on the denial of his BP-11, Mr. Maike prepared and presented a written challenge to Paragraph 117 of his PSR, which is incorporated by reference herein. *See* Attachment D (Written Challenge to PSR). Mr. Maike tendered the challenge to the FCI Marion Camp Case Manager, Mr. Fields. *See* Attachment E (Declaration of Richard Maike).

29. On July 22, 2025, Mr. Fields informed Mr. Maike that "Probation had already stated that nothing could be changed without a court order." Mr. Fields stated that Mr. Maike "would need to file a lawsuit in order to pursue the correction." Attachment E.

30. No procedure to correct the PSR at this point in time exists under 18 U.S.C. § 3552 or Rule 32(c) of the Federal Rules of Criminal Procedure (the provisions concerning presentence reports).

31. No other avenue is available to Mr. Maike to permit correction of the inaccurate language in Paragraph 117 of his PSR and the erroneous denial of his eligibility for RDAP.

32. Mr. Maike remains ready to participate in RDAP. He would be eligible for a one-year sentence reduction upon graduation from RDAP. Continued denial of his eligibility to participate, on the basis of the inaccurate language in Paragraph 117 of his PSR, means that he is spending longer in custody than he otherwise would, causing him loss of liberty, economic loss, emotional distress, and other derivative harms.

## V.     Causes of Action

### COUNT I
### ADMINISTRATIVE PROCEDURES ACT (5 U.S.C. § 706)

33. Mr. Maike incorporates herein all of the preceding paragraphs of this Complaint.

34. Pursuant to the Administrative Procedures Act ("APA"), this Court has the power of judicial review of an agency action. *See* 5 U.S.C. §§ 551, 706.

35. BOP's RDAP-eligibility determination itself is not subject to review under the APA. *See* 18 U.S.C. § 3625.

36. But BOP's denials of Mr. Maike's BP-8, BP-9, BP-10, and BP-11 ("Denial of Administrative Remedy") comprise agency action that is fully subject to judicial review.

37. The Denial of Administrative Remedy unlawfully withheld and unreasonably delayed Mr. Maike's properly requested correction to Paragraph 117 of his PSR.

38. The Denial of Administrative Remedy was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, without observance of procedure required by law, unsupported by substantial evidence, and unwarranted by the facts.

39. Wherefore, based on the foregoing facts, Mr. Maike respectfully requests that this Court hold unlawful and set aside the Denial of Administrative Remedy and that this Court compel BOP to take Mr. Maike's requested actions, namely (1) in BOP's copy of the PSR, striking Paragraph 117 and replacing it with "Mr. Maike reports a history of alcohol abuse, has been arrested for driving while intoxicated, and has never undergone any treatment for alcohol abuse."; and (2) reevaluating Mr. Maike's eligibility for RDAP after making that change.

### COUNT II
### PRIVACY ACT (5 U.S.C. § 552a)

40. Mr. Maike incorporates herein all of the preceding paragraphs of this Complaint.

41. The Privacy Act, 5 U.S.C. § 552a, governs records that BOP maintains about federal inmates within its custody. Section 552a(e)(6) requires that, before disseminating such records, BOP must "make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes."

42. BOP failed to make reasonable efforts to assure that its records of Mr. Maike were accurate, complete, and relevant. It then violated 5 U.S.C. § 552a(e)(6) by nevertheless disseminating such records (namely, portions of Paragraph 117 of Mr. Maike's PSR) to individuals (namely, to Mr. Maike himself, such as in the Notice of RDAP Qualification and the Denial of Administrative Remedy).

43. BOP intentionally and willfully refused to correct its records (including Paragraph 117 of its copy of Mr. Maike's PSR, either directly or by making an annotation thereon).

44. As a result of that intentional and willful refusal, Mr. Maike's records continue to include, erroneously, language indicating that "no information" suggests Mr. Maike has an alcohol-abuse problem.

45. BOP materially relied on the incorrect language in Paragraph 117 of the PSR to deem Mr. Maike ineligible for RDAP.

46. Wherefore, based on the foregoing facts, Mr. Maike respectfully requests that this Court find that BOP is liable for actual damages sustained as a result of the Privacy Act violation, together with the costs of this action and reasonable attorney's fees.

## COUNT III
## U.S. CONSTITUTION, AMENDMENT V (DUE PROCESS CLAUSE)

47. Mr. Maike incorporates herein all of the preceding paragraphs of this Complaint.

48. BOP's refusal to correct its inaccurate records of Mr. Maike, its denial of Mr. Maike's ineligibility for RDAP, and its repeated denials of Mr. Maike's requests for an

7

administrative remedy have worked to impair Mr. Maike's liberty interest in completing the custodial portion of his federal sentence. BOP's actions are irrational, untethered to any legitimate regulatory, administrative, legislative, or other interest.

49. Wherefore, based on the foregoing facts, Mr. Maike respectfully requests a declaratory judgment deeming the Notice of RDAP Qualification and the Denial of Administrative Remedy to be unlawful in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## VI.    Prayer for Relief

For all these reasons, Mr. Maike demands the following relief: (1) an order declaring unlawful and setting aside the Denial of Administrative Remedy; (2) an injunction directing BOP, in BOP's copy of Mr. Maike's PSR, to strike Paragraph 117 and replace it with the language set forth in Paragraph 39 of this Complaint and then to reevaluate Mr. Maike's eligibility for RDAP; (3) compensatory damages in a full and fair sum to be determined at trial, (4) costs of this action; (5) reasonable attorney's fees; and (6) all damages authorized at law or equity.

**Date**:  August 14, 2025                             Respectfully submitted,

/s/   Kyle Singhal
Kyle Singhal
D.C. Bar No. 1601108
*Counsel for Plaintiff*
Hopwood & Singhal PLLC
1701 Pennsylvania Ave., N.W. #200
Washington, DC 20006
(817) 212-9041
kyle@hopwoodsinghal.com

BP-A0941　　　　　　　　**Notice of RDAP Qualification** CDFRM
MAR 09
U.S. DEPARTMENT OF JUSTICE　　　　　　　　FEDERAL BUREAU OF PRISONS

---

SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

YOU HAVE REQUESTED PARTICIPATION IN THE BUREAU'S RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM. MY REVIEW OF YOUR CASE INDICATES __ DO  ✓ **DO NOT** QUALIFY FOR THE RESIDENTIAL DRUG ABUSE PROGRAM. (comment on documentation and clinical interview).

> Comments:
> The RDAP requires inmates to have documentation of potential substance abuse or dependence in the year prior to arrest. You do not. At this time, you are NOT QUALIFIED for the RDAP program.

If inmate does not qualify for the RDAP no offense review is required.

SECTION 2 - OFFENSE REVIEW

__ A DSCC OFFENSE REVIEW HAS BEEN REQUESTED.

✓ A DSCC OFFENSE REVIEW HAS **NOT** BEEN REQUESTED:

　　__ (a) you have received a prior early release under §3621(e);

　　__ (b) you are a contract boarder (e.g., state or military inmate);

　　__ (c) you were sentenced under old law.

My signature indicates I have been informed of my RDAP qualification status.

| Inmate Name Printed | Staff Name Printed |
|---|---|
| Richard Maike | D. Shaw |
| Inmate Signature | Staff Signature |
| /s/ | /s/ |
| Register Number | Staff Title |
| 18897-033 | DTS |
| Date | Date |
| 4/25/24 | 4/25/24 |

Refused to sign
__ Yes  __ No

cc: Drug Abuse Treatment File Unit Team
　　Unit Team (place in section 4 of inmate central file)

PDF　　　　　　　　Prescribed by PS 5330

**Attachment A, Notice of RDAP Qualification**

# UNITED STATES DISTRICT COURT
## Western District of Kentucky
## Probation Office

400 E. Main Ave. Suite 200  
Bowling Green, KY 42101-2241

Mike Clements, Chief U.S. Probation Officer  
Telephone: (502) 681-1000  
Fax: (502) 681-1100

November 25, 2024

Kyle Singhal  
Hopwood & Singhal PLLC  
1701 Pennsylvania Avenue, N.W., Ste 200  
Washington, DC 20006

      RE: Richard G. Maike, Western District of Kentucky Case No. 4:17CR00012-1

Mr. Singhal:

      I've received and reviewed your letter. I write you out of professional courtesy to relay I am unable fulfil the request you have made on behalf of your client. I lack authority or discretion to do such a thing.

      I am of professional belief and opinion the relief or remedy your client seeks may only be accomplished through Court order.

                                                         Respectfully,

                                                         Michael C. Wilson  
                                                         U.S. Probation Officer

**Attachment B, Letter**

ADMINISTRATIVE REMEDY – INFORMAL RESOLUTION

MARION, ILLINOIS

RESPONSE FOR: Maike, Richard #18897-033

An arrest warrant was issued in your case on the current charges on April 17, 2017. Records indicate you had a dismissed charge of Driving While intoxicated in 1984, 33 years prior to your arrest on the current offense. The substance abuse section of your PSIR indicates "Mr. Maike reported no history of alcohol or drug abuse, and there is no information to suggest otherwise." As such, there is no substantiating documentation for a substance use diagnosis in your PSIR.

In accordance with PS533.11, Chapter 2, Pg. 12, section 2.5.8 (3):

As there is no substantiating documentation for a substance use diagnosis, you have the following options:

1. You may volunteer for the non-residential drug abuse program.

2. You may seek documentation from a substance abuse treatment provider where you previously received treatment. This document must have been written at the time services were provided and must demonstrate that a substance use diagnosis was completed at the time you were seen, and that treatment was provided for that documented substance abuse diagnosis.

For example, the documentation may not state that the substance abuse treatment provider thought you had an alcohol or other drug problem when he or she saw you for a medical or psychological problem. Documentation must be sent to, and received by, the drug abuse treatment staff in the institution. It is not to be sent to you for you to provide to the drug abuse treatment staff. If the documentation is acceptable, you will be referred to the DAPC for a diagnostic interview.

3. You may seek documentation from a probation officer, a parole officer, a social services professional, etc., who has information that verifies your problem with illegal or illicit substances. Documentation must be sent to, and received by, the drug abuse treatment staff in the institution. It is not to be sent to you for you to provide to the drug abuse treatment staff. If the documentation is acceptable, you will be referred to the DAPC for a diagnostic interview.

4. If you have physical proof of your substance use that may be examined by medical staff to prove an addiction, e.g., track marks, abscesses, etc., you may sign a consent form allowing the drug treatment staff to receive the results of such examination from Health Services. If the documentation is acceptable, you will be referred to the DAPC for a diagnostic interview.

5. If you received substance detoxification as you entered the Bureau, you may sign a consent form for the drug treatment staff to verify your detoxification with Health Services.

6. Upon obtaining accepted documentation, you will be referred to the DAPC for a diagnostic interview.

**Attachment C, Response to BP-8**

**Inmate Challenge to Information in Central File Materials**
**Pursuant to BOP Program Statement 5800.17, Section 11(c)**

From:        MAIKE, Richard G.
Reg. No.:    18897-033
Institution: Marion

**To the Unit Team and the U.S. Probation Office:**

I am submitting this challenge to Paragraph 117 of my Presentence Investigation Report (PSR).

**CHALLENGED LANGUAGE**: The following language in Paragraph 117 is incorrect: "Mr. Maike reported no history of alcohol or drug abuse, and there is no information to suggest otherwise."

**REQUESTED (NEW) LANGUAGE**: I am requesting that the above language from Paragraph 117 be replaced with the following language: "Mr. Maike reports a history of alcohol abuse, has been arrested for driving while intoxicated, and has never undergone any treatment for alcohol abuse."

**REASONING IN SUPPORT OF THIS CHALLENGE**: The **Challenged Language** above is incorrect because I have a history of alcohol abuse since 1984, which has never been treated. Prior to my confinement, I consumed alcohol multiple times per week. On November 10, 1984, I was arrested for driving while intoxicated in Shawnee County, Kansas. The charges were dismissed pursuant to a diversionary program, but my alcohol abuse has never been treated. The facts of this arrest are already documented in Paragraph 102 of my PSR. Thus, the **Challenged Language** in Paragraph 117 of my PSR is incorrect in stating that there is "no information" suggesting that I have any history of alcohol abuse.

Please correct my records so that BOP staff do not rely on the **Challenged Language** above. I would like to participate in the Residential Drug Abuse Program (RDAP). If given the opportunity to participate in RDAP, I would do so.

I submit this challenge to Unit staff in compliance with Program Statement 5800.17, Section 11(c), so that Unit staff may then forward the request to the U.S. Probation Office. I understand that changes to the PSR will not be made, but I am requesting, pursuant to the Program Statement, confirmation that my inquiry and the U.S. Probation Office's verification of my inquiry will be attached to my Central File, and confirmation of a notation on my Inmate Activity Record (BP-A0381) that ensures that future decisions about my RDAP eligibility are not based on discredited information. Thank you for your time and consideration.

_[signature]_                                June 30, 2025
------------------------                     -----------------
(signature)                                  (date)

**Attachment D, Written Challenge to PSR**

## DECLARATION OF RICHARD G. MAIKE

1. My name is Richard G. Maike.

2. My BOP Register Number is 18897-033.

3. I am an adult of sound mind.

4. I hereby declare that on or about June 30, 2025, I prepared a written challenge to my Presentence Investigation Report ("PSR"), explaining that it incorrectly states that I have "no history of alcohol or drug abuse, and there is no information to suggest otherwise."

5. My understanding, based on representations of Camp Case Manager Philip Fields ("Mr. Fields"), is that my written challenge is a "Sellers request" that would enable the U.S. Probation Office ("Probation") to confirm the error in my PSR, thereby allowing the Bureau of Prisons ("BOP") to deem me eligible for the Residential Drug Abuse Program ("RDAP") despite the incorrect statement in my PSR.

6. On or about June 30, 2025, I submitted that written challenge (or "Sellers request") to Mr. Fields. I did so in my attempt to comply with BOP Program Statement 5800.17, Section 11(c), so that the Unit Staff at FCI Marion would then forward the request to Probation.

7. On July 22, 2025, Mr. Fields informed me that Probation had replied to the Sellers request, stating that Probation had already stated that nothing could be changed without a court order. Mr. Fields stated that I would need to file a lawsuit in order to pursue the correction.

8. If permitted to attend and complete the RDAP program, I would do so.

9. I am eligible for RDAP because I have a history of alcohol abuse, including an arrest for driving while intoxicated. My alcohol abuse has never been treated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          August 1, 2025
(signature)                                            _____
                                                       (date)

**Attachment E, Declaration of Richard Maike**