UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MAIKE,

*Plaintiff,*

v.

FEDERAL BUREAU OF PRISONS,

*Defendant.*

**Case No. 1:25-CV-2677-RCL**

# MEMORANDUM OPINION

Plaintiff Richard Maike is currently imprisoned at a Federal Bureau of Prisons ("BOP") facility. He wishes to participate in the Residential Drug Abuse Program ("RDAP"), but was deemed ineligible because he did not have a history of substance abuse. Plaintiff filed suit against the BOP in August 2025, alleging that his Presentence Investigation Report ("PSR"), upon which the BOP made its eligibility determination, was inaccurate. *See* Compl., ECF No. 1. Plaintiff brings suit under the Administrative Procedure Act ("APA"), Privacy Act, and Fifth Amendment. The BOP moved to dismiss the Complaint. Def.'s Mot. to Dismiss, ECF No. 18 (Def.'s Mot."). For the reasons stated herein, Defendant's motion will be granted.

## I. BACKGROUND

### A. Statutory Background

The BOP is required to provide "residential substance abuse treatment" to "every prisoner with a substance abuse problem." 18 U.S.C. § 3621(e)(1). The treatment must last at least six months and be provided by "facilities set apart from the general prison population . . . ." *Id.* § 3621(e)(5)(A). The statute also provides an incentive for participation. The BOP may reduce a

prisoner's sentence by up to one year if they complete a treatment program so long as they had not been convicted of a violent offense. *Id.* § 3621(e)(2)(B).

To be eligible to participate, a prisoner must meet two requirements. First, the BOP must determine that the prisoner has a substance abuse problem. *Id.* § 3621(e)(5)(B)(ii). Second, the prisoner must be willing to participate in the program. *Id.* § 3621(e)(5)(B)(ii). "The Drug Abuse Program Coordinator decides whether to place inmates in RDAP" based on those criteria. 28 C.F.R. § 550.53(e).

**B. Factual Background**

Plaintiff is currently in BOP custody at FCI Marion in Illinois. Compl. ¶¶2, 7. He wishes to participate in RDAP to reduce his sentence, *id.* ¶ 14, but the BOP found Plaintiff ineligible because he had not provided "documentation of potential substance abuse . . . ." *Id.* Ex. A. Plaintiff alleges that the BOP's determination was erroneous because his PSR indicated that he had previously been arrested for driving while intoxicated in 1984. *Id.* ¶ 15; Ex. C.

Plaintiff attempted to remedy the situation through two channels. First, he challenged the PSR itself, alleging that it contained an error. Though the PSR stated that "Mr. Maike reported no history of alcohol or drug abuse, and there is no information to suggest otherwise," *id.* ¶ 19, Plaintiff noted that the PSR also contained information about his arrest for driving while intoxicated in 1984, *id.* ¶ 20. Plaintiff attempted to correct the alleged error in his PSR by reaching out to the warden of FCI Marion, but he received no response. *Id.* ¶ 21. When his counsel contacted his probation officer in an attempt to amend the PSR, the probation officer responded that they did not have authority to do so. *Id.* ¶¶ 22–23.

Second, Plaintiff pursued an administrative review of his eligibility determination by filing a BP-8. Compl. ¶ 24. The BOP responded by reiterating the PSR's statement that Plaintiff had no history of alcohol or drug abuse. *Id.* Ex. C. Plaintiff again protested, filing a BP-9 with the warden of FCI Marion, a BP-10 with the BOP regional office, and a BP-11 with the BOP central office. *Id.* ¶ 27. In its response to his BP-11, the BOP directed Plaintiff to prepare a written challenge to his PSR and file it with prison staff who could forward it to the probation office. *Id.* Plaintiff provided his written challenge to the FCI Marion Case Manager, *id.* ¶ 28, but the case manager informed Plaintiff that he would have to seek a court order to amend the PSR, *id.* Maike Decl. ¶ 7.

Plaintiff brings suit against the BOP alleging violations of the APA, *id.* ¶¶ 33–39, Privacy Act, *id.* ¶¶ 40–46, and the Fifth Amendment, *id.* ¶¶ 47–49. Defendant has moved to dismiss the Complaint. Def.'s Mot. Defendant's motion is fully briefed and ripe for the Court's review. *See* Pl.'s Resp., ECF No. 19; Def.'s Reply, ECF No. 23.

## II. LEGAL STANDARD

To survive a 12(b)(6) motion, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court evaluating a Rule 12(b)(6) "motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor." *Alemu v. Dep't of For-Hire Vehicles*, 327 F. Supp. 3d 29, 40 (D.D.C. 2018). However, "[a] court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of legal conclusions that are couched as factual allegations." *Id.* (citation omitted).

## III. ANALYSIS

### A. APA Claim (Count I)

Plaintiff has challenged the BOP's decisions to deny his BP-8, 9, 10, and 11 which he styles collectively as: "Denial of Administrative Remedy." Compl. ¶¶ 36. Plaintiff does not challenge the BOP's eligibility determination itself. Compl. ¶ 35.

The contours of his APA claim are unclear, though. In his Response, Plaintiff argues that the "Court is empowered to direct BOP to employ a constitutionally and statutorily tolerable process in its Administrative Remedy Program." Pl.'s Opp. at 3. Plaintiff analogized *Landry v. Hank-Sawyer*, where a court in this district concluded that it had jurisdiction to review a BOP program statement which made nonviolent offenders ineligible for a sentence reduction. 123 F. Supp. 2d 17, 19 (D.D.C. 2000). Plaintiff argues that *Landry* supports his position because he too "challenges the BOP's application of a rule that purports to deem all inmates with circumstances like [his] to be categorically ineligible for RDAP." Pl.'s Resp. at 4.

The Court is left puzzled by that claim because Plaintiff has alleged no such policy of categorical ineligibility. That is simply a conclusory statement that warrants dismissal pursuant to Federal Rule 12(b)(6). The real crux of Plaintiff's claim is that his individual PSR is mistaken and that it adversely affected the BOP's ineligibility determination. That is why the remedy he seeks for his APA claim is a revision to his PSR. *See* Compl. ¶ 39. Plaintiff's argument that the claims are distinct, Pl.'s Resp. at 4, is therefore implausible.

Giving Plaintiff the benefit of the doubt, the Court considers whether he has stated a viable claim with respect to the alleged error in his PSR. "Review under the APA is limited to 'final agency action for which there is no other adequate remedy in a court.'" *Wescott v. McHugh*, 39 F.

Supp. 3d 21, 33 (D.D.C. 2014) (quoting 5 U.S.C. § 704). But there is an alternative remedy to correct an alleged error in a PSR: objecting to the PSR pursuant to Federal Rule of Criminal Procedure 32(f). *See United States v. Ventura*, 650 F.3d 746, 750 (D.C. Cir. 2011) ("Rule 32(f)(1) allows 14 days for a defendant to 'state in writing any objections, including objections to material information' contained in a PSR.") (quoting Fed. R. Crim. P. 32(f))). Plaintiff cannot attempt an end-run around that remedy using the APA. *Cf. Harrison v. Internal Revenue Serv.*, No. 20-cv-828, 2021 WL 930266, at *4 n.4 (D.D.C. Mar. 11, 2021) ("[T]he fact that Harrison and Sprinkle relinquished their right to file a refund suit by entering the Closing Agreement does not affect whether 'no other remedy exists' for purposes of Section 704. Parties cannot waive their way into federal jurisdiction where Congress has not granted it.").

And even if the Court were to conclude that Plaintiff lacked an adequate alternative remedy, it is unclear whether Plaintiff's claim would ultimately be redressable. Plaintiff alleges that he has been injured by being imprisoned longer than he would be were he allowed to participate in RDAP. Compl. ¶ 32. But those harms all flow from the BOP's determination that he was ineligible to participate in RDAP, which Plaintiff concedes is "not subject to review under the APA." *Id.* ¶ 35.

Therefore, even if Plaintiff's PSR were amended in the way he requests, the Court can only speculate as to whether the BOP would make a different determination about his eligibility. The chance of that happening is especially slim because Plaintiff's PSR already included a reference to his arrest for drunk driving, meaning that the BOP would not be provided with any additional information when making a new determination. And even if the BOP deemed him eligible for participation in RDAP, a reduction in his sentence would not automatically follow. *See Kotz v. Lappin*, 515 F. Supp. 2d 143, 149–50 (D.D.C. 2007) (noting that the sentence reduction available is discretionary).

The connection between Plaintiff's requested relief and a reduction in his term of incarceration is therefore so tenuous that it is doubtful whether his "injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. All. for Hippocratic Med.*, 144 S. Ct. 1540, 1555 (2024). It is therefore possible that Plaintiff would lack Article III standing to make such a claim, but the Court does not reach the issue.

Accordingly, Plaintiff's APA claim will be dismissed pursuant to Federal Rule 12(b)(6).

**B. Privacy Act Claim (Count II)**[1]

The Privacy Act requires "[e]ach agency that maintains a system of records" to "make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes" before "disseminating any record about an individual to any person other than an agency . . . ." 5 U.S.C. § 552a(e)(6). Section 552a(g)(1)(D) provides a cause of action for a violation of the Privacy Act which "has an adverse effect on an individual . . . ." § 552a(g)(1)(D). Plaintiff argues that the BOP violated the statute by disseminating inaccurate records and that he is therefore entitled to damages. Compl. ¶¶ 42–46.

The first question is whether Plaintiff has alleged dissemination to anybody other than an agency. Plaintiff alleges only one such person: "Mr. Maike himself." *Id.* ¶ 42. The Court is unaware of any authority that directly addresses the question of whether dissemination to the plaintiff themselves is sufficient to state a claim under the Privacy Act. The Court concludes that it is not.

---

[1] Defendant is correct that the Privacy Act does not allow amendment to Plaintiff's PSR. *Molzen v. Fed. Bureau of Prisons*, No. 5-2360, 2007 WL 779059, at *4 (D.D.C. Mar. 8, 2007) (citing *White v. U.S. Prob. Off.*, 148 F.3d 1124, 1125 (D.C. Cir. 1998)); *see also* Def.'s Mot. at 8. But Plaintiff's claim does not arise under the Privacy Act's amendment provisions. *See* Compl. ¶ 42.

"In interpreting a statute, the court begins with the text . . . ." *Prime Time Int'l Co. v. Vilsack*, 599 F.3d 678, 683 (D.C. Cir. 2010); *accord FS Credit Opportunities Corp. v. Saba Cap. Master Fund, Ltd.*, 146 S. Ct. 1546, 1558–59 (2026) ("[S]tatutory interpretation must focus on the text . . . ."). Plaintiff is correct that he is a "person" rather than an "agency." *See* 5 U.S.C. § 552a(e)(6). But the Court is not persuaded that the disclosure of inaccurate information to himself constitutes "dissemination." *See id.*

The Court's aim is to "interpret statutory terms according to the ordinary meanings they had when they were enacted." *U.S. Postal Serv. v. Konan*, 146 S. Ct. 736, 742 (2026) (citing *Wisconsin Central Ltd. v. United States*, 138 S. Ct. 2067, 2070 (2018)). Dictionary definitions are pertinent to that analysis. *See id.* Dissemination is defined as "[t]he act of spreading, diffusing, or dispersing . . . ." Dissemination, Black's Law Dictionary (12th ed. 2024); *accord* Disseminate, Oxford English Dictionary (2d ed. 1989) ("To scatter abroad, as in sowing seed; to spread here and there; to disperse (things) so as to deposit them in all parts.").

Those definitions do not fit Plaintiff's allegations. Plaintiff's theory of the case is that the BOP disseminated inaccurate information to him about his history of substance abuse. But providing an individual with information about themselves does not "spread[]" or "disperse" that information. Plaintiff was presumably already aware of his PSR, so the "Notice of RDAP Qualification and the Denial of Administrative Remedy" did not "disperse" information beyond the parties who already possessed it. *Cf. TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209 (2021) ("In cases such as these where allegedly inaccurate or misleading information sits in a company database, the plaintiffs' harm is roughly the same, legally speaking, as if someone wrote a defamatory letter and then stored it in her desk drawer. A letter that is not sent does not harm anyone, no matter how insulting the letter is.").

Even assuming that the PSR was "disseminated" to Plaintiff, his allegations would still be insufficient. "[T]o obtain damages, the plaintiff 'must establish: (1) a violation of a Privacy Act provision, "(2) that the [agency's] decision . . . was 'intentional or willful,' (3) that the [violation] caused 'adverse effects,' and (4) that the plaintiff[] suffered actual damages."'" *Bradley v. U.S. Dep't of Educ.*, No. 22-3442, 2026 WL 799479, at *4 (D.D.C. Mar. 23, 2026) (quoting *Thompson v. Dep't of State*, 400 F. Supp. 2d 1, 8 (D.D.C. 2005)). The alleged violation must be the proximate cause of a plaintiff's actual damages. *Fleck v. Dep't of Veterans Affs. Off. of Inspector Gen.*, 596 F. Supp. 3d 24, 53 (D.D.C. 2022).

Plaintiff has alleged that the BOP violated the Privacy Act by "disseminating" inaccurate information to one person: himself. Compl. ¶ 42. And the damage Plaintiff alleges is the BOP's resulting ineligibility determination. *Id.* ¶ 45. But providing Plaintiff with the PSR was not the proximate cause of the ineligibility determination. The PSR had already been in the BOP's possession, otherwise they would not have been able to use it, as Plaintiff alleges, to determine his eligibility in the first place.

Accordingly, Plaintiff's Privacy Act claim will be dismissed pursuant to Federal Rule 12(b)(6).

**C. Fifth Amendment Due Process Claim (Count III)**

Finally, Plaintiff alleges that the BOP's refusal to correct his PSR, ineligibility determination, and denials of his requests for an administrative remedy have "worked to impair [his] liberty interest in completing the custodial portion of his federal sentence." Compl. ¶ 48. Plaintiff clarified that the BOP's procedures "deprive[d] Plaintiff of the one-year sentence reduction that would otherwise be available to him . . . ." Pl.'s Resp. at 4–5.

"[F]or plaintiff to survive a motion to dismiss under Rule 12(b)(6), he must allege, at a minimum, that he has been deprived of either a life, liberty, or property interest protected by the due process clause." *Sobin v. Dist. of Columbia*, 480 F. Supp. 3d 210, 218 (D.D.C. 2020) (citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). But "[i]nmates have no protected liberty interest or entitlement in participating in rehabilitative programs." *Kotz*, 515 F. Supp. 2d at 149 (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). And though statutes can create a liberty interest, they must be of a "mandatory character" to do so. *Id.* (internal quotation marks omitted) (quoting *Dorman v. Thornburgh*, 955 F.2d 57, 58 (D.C. Cir. 1992)). The statute authorizing sentence reductions for participation in RDAP, in contrast, leaves the availability of sentence reductions to the BOP's discretion. *See id.* at 149–50.

Accordingly, because Plaintiff has failed to sufficiently allege a protected liberty interest, his Due Process claim will be dismissed pursuant to Federal Rule 12(b)(6).

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss will be granted pursuant to Federal Rule 12(b)(6).

Date: 16 October, 2026

Royce C. Lamberth
Hon. Royce C. Lamberth
United States District Judge